**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of:<br><br>MOTION TO QUASH NON-PARTY<br>SUBPOENA ISSUED TO DAVID BORNN | Case: 1:24-mc-00111<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 09/06/2024<br>Description: Misc. (O-Deck)<br><br>Misc Case No. _____<br><br>Underlying Litigation:<br>*Ocwen USVI Services, LLC v. United States Virgin Islands*<br><br>Case No. 3:24-CV-00005 (D.V.I.) |

**MOTION TO QUASH NON-PARTY SUBPOENA ISSUED TO**
**DAVID BORNN**

Pursuant to Rules 26(c)(1) and Rule 45(d)(3) of the Federal Rules of Civil Procedure, David Bornn, by and through the undersigned counsel, hereby moves the Court to quash the subpoena ordering David Bornn, former Chief Legal Counsel to the Governor of the U.S. Virgin Islands ("former Chief Counsel Bornn"), to appear for a remote deposition on August 27, 2024 to be held by Zoom teleconference, to preclude the deposition of former Chief Counsel Bornn, and for other and further relief as the Court deems just and proper. In support thereof, David Bornn submits the Statement of Points and Authorities in Support of his Motion to Quash Non-Party Subpoena Issued to David Bornn filed herewith.

The undersigned counsel met and conferred with opposing counsel regarding this motion on August 29, 2024 in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement as required by Local Rule 7(m). However, the parties could not resolve their differences.

**[Signature on the Following Page]**

Date: September 6, 2024

**RESPECTFULLY SUBMITTED,**

By: *[signature: Bryant E Gardner]*

Bryant Gardner
D.C. Bar No. 473319
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036
T: 202-282-5893
E: bgardner@winston.com

*Counsel for David Bornn*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2024, a copy of the foregoing was sent by email and by first-class U.S. Mail to the following, who are all counsel of record in *Ocwen USVI Services, LLC v. United States Virgin Islands*, a case pending before the U.S. District Court for the Virgin Islands (Case No. 3:24-CV-00005), in which the Movant's testimony is sought.

Taylor W. Strickling
Marjorie Rawls Roberts, P.C.
P.O. Box 6347
St. Thomas, VI 00804
T: 340-776-7235 F: 340-776-7951
E: tstrickling@marjorierobertspc.com

Jared Edward Dwyer
Greenberg Traurig, P.A.
333 SE 2 Ave., Suite 4400
Miami, FL 33131
T: 305-579-0564 F: 305-579-0717
E: dwyerje@gtlaw.com

Pallav Raghuvanshi
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
T: 212-801-9200 F: 212-801-6400
E: pallav.raghuvanshi@gtlaw.com

Scott Fink
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
T: 212-801-9200 F:212-801-6400
E: finks@gtlaw.com

Gabriel Alejandro Diaz
Greenberg Traurig, P.A.
333 SE 2 Ave., Suite 4400
Miami, FL 33131
T: 305-579-0606
E: diazg@gtlaw.com

Robert Stephen Galbo
Greenberg Traurig, P.A.
333 SE 2 Ave., Suite 4400
Miami, FL 33131
T: 305-579-0500
E: galbor@gtlaw.com

Emiley Pagrabs
Greenberg Traurig, P.A.
333 SE 2 Ave., Suite 4400
Miami, FL 33131
T: 305-579-0500 F: 305-579-0717
E: pagrabse@gtlaw.com

*Counsel for the Ocwen USVI Services, LLC*

By: _Bryant E Gardner_

Case: 1:24-mc-00111
Assigned To : Walton, Reggie B.
Assign. Date : 9/6/2024
Description: Misc. (O-Deck)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In the Matter of:

MOTION TO QUASH NON-PARTY
SUBPOENA ISSUED TO DAVID BORNN

Misc Case No. _____

Underlying Litigation:
*Ocwen USVI Services, LLC v. United States Virgin Islands*

Case No. 3:24-CV-00005 (D.V.I.)

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH NON-PARTY SUBPOENA ISSUED TO DAVID BORNN

Non-Party David Bornn (former Chief Counsel to USVI Governor Albert Bryan Jr. "Chief Counsel Bornn"), by and through the undersigned counsel, hereby submits this Statement of Points and Authorities in Support of his Motion to Quash Non-Party Subpoena to David Bornn.

### INTRODUCTION

Under Rules 26(c)(1) and 45(d)(3) of the Federal Rules of Civil Procedure, former Chief Counsel Bornn respectfully moves to quash the subpoena served on August 23, 2024, ordering him to appear for a deposition on August 27, 2024, to be held by Zoom teleconference. *See* Subpoena to Testify at a Deposition in a Civil Action attached hereto as **Exhibit A**. In the underlying litigation, Ocwen USVI Services, LLC ("Ocwen") claims that the Government of the United States Virgin Islands (the "Government") is obligated to pay to it tax refunds for the 2013, 2014, and 2015 tax years, and that the Government is in breach of a closing agreement between the Government and Ocwen relating to the payment of such tax refunds. *See* Case No. 3:24-CV-00005, ECF No. 1. Ocwen seeks to depose former Chief Counsel Bornn in connection with his alleged actions, omissions, mental processes, and/or decisions made in his official capacity as Chief Legal Counsel to Governor Albert Bryan Jr. ("Governor Bryan") relating to these claims.

1

Ocwen's subpoena is facially invalid for numerous and obvious reasons, demonstrating a lack of respect for the Federal Rules and the gravity of invoking a Court's authority to command a deposition. The subpoena fails to provide a reasonable time to comply, fails to state a place of compliance, provides an incorrect address for the deponent, and purports to command a remote deposition despite the lack of any stipulation between the parties or the required court order to do so. On the supposed date for compliance, Ocwen failed even to provide a Zoom link, rendering compliance with the subpoena impossible in any case. Moreover, the subpoena is unduly burdensome and seeks the disclosure of information protected by the attorney-client, deliberative process, and work-product privileges. Ocwen's subpoena should be quashed for any one of these deficiencies.

Additionally, under the well-established law of *Morgan* and its progeny, which bars depositions of high-ranking current or former government officials, Ocwen's subpoena should be quashed. Ocwen cannot demonstrate that there are any extraordinary circumstances justifying a deposition. Ocwen has made no representations that former Chief Counsel Bornn has any unique personal knowledge that is essential to its case and has made no showing that the information sought is unavailable through less-intrusive means. As such, the proper course would be for this Court to quash the subpoena directed to former Chief Counsel Bornn.

## BACKGROUND

Former Chief Counsel Bornn is an attorney who has been admitted to practice in the U.S. Virgin Islands since 1981. He served as the Chief Legal Counsel to Governor Bryan from the date of the Governor's inauguration on January 7, 2019 until December 22, 2022. In that role, former Chief Counsel Bornn, along with Deputy and Associate Legal Counsels in the Office of Legal Counsel, provided legal advice to the Governor as the final decision-maker of the

2

Territory. Information relating to Chief Legal Counsel Bornn's representation of his clients, the Governor and the Government of the Virgin Islands, is subject to Virgin Islands Rules of Professional Conduct, Rule 211.1.6, established by the VI Supreme Court regarding confidentiality as to all information related to the representation of the client.

Former Chief Counsel Bornn was served on August 23, 2024 with a Subpoena to Testify at a Deposition in a Civil Action. *See* **Exhibit A**. The Subpoena calls for a deposition relating to the underlying litigation, *Ocwen USVI Services, LLC v. The United States Virgin Islands*, in which the Complaint asserts that the Government is in breach of a closing agreement between the Government and Ocwen relating to the payment of tax refunds. *See* Case No. 3:24-CV-00005, ECF No. 1. The subpoena lists an incorrect address for Former Chief Counsel born, provides no place for compliance, and provides the date and time for the deposition as "August 27, 2024 at 10:00 EST" a mere 2 business days, or 4 calendar days, from the date of service. Where a place for compliance would normally be included on the subpoena form, "Zoom Link to be provided" is written instead, however no link was provided to Chief Counsel Bornn.

The Trial Management Order in the underlying litigation provide that "[a]ll discovery shall be completed by August 30, 2024." *See* Case No. 3:24-CV-00005, ECF No. 29. This appears to explain the sloppy and facially deficient subpoena that Ocwen served on Chief Counsel Bornn. It appears that faced with the impending discovery deadline, Ocwen decided to disregard the Federal Rules of Civil Procedure in order to serve subpoenas on as many current and former Government officials as it could identify. *See also* Case No. 3:24-CV-00005, ECF Nos. 76, 77 ("Motion to Compel Due to Impending Discovery Deadline" filed on same day as Chief Counsel Bornn's supposed deposition was to occur, seeking to compel testimony of numerous other current and former Government officials).

3

Federal Rule of Civil Procedure ("Rule") 45(d)(3) requires former Chief Counsel Bornn to file this motion in the district where compliance with the subpoena is required. Ocwen's subpoena fails to provide a place of compliance as required by Rule 45(a)(1), rendering the subpoena invalid. *Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, No. 21CV1197-W-MDD, 2022 WL 2820667, at *7 (S.D. Cal. July 18, 2022) ("a valid subpoena must list a specific place of compliance"); *Frobe v. UPMC St. Margaret*, No. 2:20-CV-00957-CRE, 2021 WL 9628848, at *2 (W.D. Pa. July 13, 2021) ("'Zoom Videoconferencing' is not a 'Place;' rather, it is a method of taking the deposition."). When an oral deposition by remote means is permitted by stipulation or court order, the location of the deposition is where the deponent answers the questions. Fed. R. Civ. P. 30(b)(4)). When considering a similarly flawed subpoena, the court in *Frobe* required the subpoenaing party to modify the subpoena to have the place of deposition changed to within 100 miles of the deponent's home or place of employment, whichever was more convenient to the deponent. *Frobe*, 2021 WL 9628848, at *2, n.1.

Although the subpoena's lack of a physical location for compliance renders it invalid and unenforceable, former Chief Counsel Bornn is filing this motion in the United States District Court for the District of Columbia in good faith. Former Chief Counsel Bornn is currently employed by the Washington, D.C. office of the law firm Winston and Strawn LLP and is represented by an attorney of that firm in this matter. Were a remote deposition to occur, former Chief Counsel Bornn would answer questions from his office in Washington, D.C. in the presence of his attorney. Accordingly, in consideration of Rule 45(d)(3), Rule 30(b)(4), and the available case law, the United States District Court for the District of Columbia is the appropriate forum to decide this motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 45 governs subpoenas issued to non-parties. Under Rule 45, the Court must quash or modify a subpoena that "fails to allow a reasonable time to comply," "subjects a person to undue burden," or that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A). A motion to quash is similar to a motion for a protective order that discovery not be had under Rule 26(c) and is judged under similar standards. *See Leibholz v. Hariri*, No. CIV.A. 05-5148 (DRD), 2008 WL 2697336, at *2 (D.N.J. June 30, 2008). Rule 26 grants broad discretion to the Court to make any order that justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding the discovery. Fed. R. Civ. P. 26(c)(1). Under Rule 26(b)(2) specifically, the Court "must limit the frequency or extent of discovery ... if it determines that ... the discovery sought is unreasonably cumulative or duplicative, or it can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Rule 45 also expands on Rule 26's protections to non-party subpoena recipients such that "courts must give the recipient's nonparty status 'special weight,' leading to an even more 'demanding and sensitive' inquiry than the one governing discovery generally." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (quoting *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005)).

Where a subpoena is issued to a high-ranking government official or former official, courts require the party seeking to depose the official to demonstrate that "extraordinary circumstances" justify the deposition. *See, e.g., United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 321 (D.N.J. 2009) (deposition of former EPA Regional Administrator "shall only be allowed upon a showing of extraordinary circumstances.")

5

## ARGUMENT

I. **The Subpoena Should Be Quashed Because It Fails to Allow a Reasonable Time to Comply**

### A. The Subpoena Fails to Allow a Reasonable Time to Comply

Rule 45 requires a court to "quash or modify a subpoena that ... fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A). Although Rule 45 does not define "reasonable time," many courts have found 14 days from the date of service as presumptively reasonable in light of the language of Rule 45(d)(2)(B). *In re Malyugin*, 310 F. Supp. 3d 3, 5 (D.D.C. 2018); *In re Rule 45 Subpoena Issued to Cablevision Systems Corp. Regarding IP Address 69.120.35.31*, No. MISC 08–347(ARR)(MDG), 2010 WL 2219343 at *5 (E.D.N.Y. Feb. 5, 2010) (collecting cases). This Court has previously noted that only three *business days'* notice, or less, does not constitute reasonable notice. *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 37 (D.D.C. 2004); *see also In re Malyugin*, 310 F. Supp. 3d at 5 ("[t]wo days' notice is plainly unreasonable."). Other federal courts have repeatedly found compliance times of fewer than 14 days unreasonable. *See, e.g., Mem'l Hospice, Inc. v. Norris*, No. 2:08–CV–084–B–A, 2008 WL 4844758, at *1 (N.D.Miss. Nov. 5, 2008) (eight days' notice of deposition not reasonable); *United States v. Woods*, 931 F.Supp. 433, 442 n.3 (E.D.Va. 1996) (subpoenas served seven days before a hearing did not provide reasonable time to comply).

In this matter, the subpoena was served upon former Chief Counsel Bornn on August 23, only *two* business days or four calendar days prior to the date of supposed deposition he was commanded to appear at. It is plainly unreasonable for a deponent to be thrust into litigation and expected to retain counsel and prepare for a deposition in the space of two business days. In light of Rule 45(d)(3)(A), the prior decisions of this Court, and the case law of other federal courts, the subpoena issued to former Chief Counsel Bornn should be quashed.

6

## B. Because the Subpoena Failed to Offer a Reasonable Time to Comply, the Motion to Quash Should Be Considered Timely

Rule 45 provides that "[o]n timely motion," a court must quash a subpoena for good cause. Although the rule does not define "timely," this Court has noted that "motions to quash filed a significant amount of time after a subpoena's compliance deadline are untimely." *S.R.L. v. Velasco*, 125 F. Supp. 3d 211, 229 (D.D.C. 2015) (finding motion to quash untimely where movant had 28 days after service to file a motion to quash but did not do so until 21 days after that date for compliance.) However, courts have discretion to consider motions to quash that were not timely filed on a finding of good cause. *See, e.g.*, *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516–517 (S.D.N.Y. 2022) (good cause existed to excuse untimely motion when movant first received notice of subpoena five days before its return date).

Appropriately, this Court has not adopted "an across-the-board rule that failure to file within the time for compliance with a subpoena is untimely." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 278 n.6 (D.D.C. 2002). To the contrary, it has recognized that where the time provided for compliance is so brief as to not provide adequate time to respond, "it would be clearly unjust and outside the spirit of the rules to deny as untimely a motion to quash filed after the time for compliance."

The two business days, or four calendar days, of notice provided to former Chief Counsel Bornn did not provide him with adequate time to comply with the subpoena, much less adequate time to retain counsel and file a motion to quash. Nevertheless, he has diligently sought counsel to contest it in good faith within a reasonable timeframe. Moreover, there is no indication that Ocwen actually took any of the steps necessary to hold a deposition (such as hiring a court reporter) and Ocwen never provided a Zoom link for former Chief Counsel Bornn to use for appearance at such a deposition. Former Chief Counsel Bornn never even had the opportunity to attend the purported

7

deposition because it was a fiction. As such, it would be clearly unjust and outside the spirit of the rules to deny this motion as untimely.

## II.  The Subpoena Should Be Quashed as Facially Invalid

### A. The Subpoena Fails to Command Attendance at a Specified "Place" of Compliance

Rule 45(a)(1)(A)(iii) provides that every subpoena must provide a place for compliance with the subpoena.

> (A) *Requirements—In General.* Every subpoena must:
> …
> (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises

A valid subpoena must list a specific place of compliance, pursuant to Rule 45(a)(1)(A)(iii). *Fed. Ins. Co.*, 2022 WL 2820667, at *7 (citing *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 710 (N.D. Tex. 2017) (recognizing that "an email address does not qualify as a location or place where compliance is required under Rule 45"); *Russell v. Maman*, No. 18-CV-06691-RS (AGT), 2021 WL 3212646 (N.D. Cal. July 29, 2021) (denying a motion to compel where the subpoena listed the place of compliance as "via Zoom"). A subpoena that fails to designate a "specific time and place" violates Rule 45(a)(1)(A)(iii) because "the place of compliance must be a physical 'place' subject to 'geographical limits' and capable of being measured according to mileage." *Fed. Ins. Co.*, 2022 WL 2820667, at *7 (quoting *Herrington*, 354 F. Supp. 3d at 709). A subpoena that specifies only that a deposition will be taken by videoconference satisfies none of these requirements, a fact that federal courts have recognized. *Fed. Ins. Co.*, 2022 WL 2820667, at *7 (holding that a subpoena that lists the "Place" of compliance as "VIA ZOON VIDEO CONFERENCE" fails to satisfy Rule 45(a)(1)); *Frobe*, 2021 WL 9628848, at *2 (holding that

"'Zoom videoconferencing' is not a 'place;' rather, it is a method of taking the deposition").

Ocwen's subpoena, like those in *Fed. Ins. Co.*, *Frobe*, and *Russell*, does not list any "place" for compliance. Instead, the "place" field of the subpoena form has been filled-in only with "Zoom Link to be provided." As such, the subpoena fails to satisfy Rule 45(a)(1)(A)(iii). There is no indication that compliance is (or could be) required in any particular District and the subpoena is facially invalid.

### B. Ocwen Obtained Neither the Stipulation, Nor the Court Order, Required to Conduct a Remote Deposition

Rule 30 provides a black-and-white command that, absent agreement between the parties, a deposition may be conducted remotely only by court order. Fed. R. Civ. P. 30(b)(4); *Flores-Kemmerer v. Portfolio Recovery Assocs., LLC*, No. 1:20-CV-02519-JPH-MG, 2022 WL 612334, at *1 (S.D. Ind. Mar. 2, 2022). Where there is no such mutual agreement or order, however, courts "will not permit a party's Zoom designation to vitiate the stated purpose of the federal rules." *Fed. Ins. Co.*, 2022 WL 2820667, at *8.

In the underlying case, there has been no court order commanding a remote deposition. Additionally, the parties did not agree to a remote videoconference by Zoom, or by any other means. To the contrary, the Government objects to the deposition of former Chief Counsel Bornn, a fact of which Ocwen is well-aware. *See* Case No. 3:24-CV-00005, ECF No. 77, at 2 (in which Ocwen recognizes that "Defendant USVI objects to all noticed and subpoenaed depositions" including those of Governor Bryan and his former Chief Legal Counsel David Bornn). Nevertheless, Ocwen chose to flagrantly disregard the Federal Rules and served a subpoena calling for a remote deposition of former Chief Counsel David Bornn anyway.

For the above clear deficiencies under the Federal Rules of Civil Procedure, the subpoena should be quashed as facially invalid.

### III. The Subpoena Should Be Quashed Because It Is Unduly Burdensome and Seeks Privileged Information Without Waiver

#### A. The Subpoena Seeks Privileged Communications Between an Attorney and His Client

Ocwen argues in its filings with the District Court for the Virgin Islands that former Chief Counsel Bornn was an "integral decision-maker" in the Government who has "taken action against [Ocwen]." *See* Case No. 3:24-CV-00005, ECF No. 77, at *9 (Ocwen implausibly applies this label to all of the numerous current and former Government officials that it seeks to depose). However, former Chief Counsel Bornn was not a "decision-maker" as Ocwen claims; his sole connection, if any, to Ocwen's case was as a legal advisor to the Governor.

Ocwen cannot seek to depose former Chief Counsel Bornn in order to probe the legal advice that he provided to his client. The communications or documents of relevance, if any, would be protected by the attorney-client, deliberative process, or work-product privileges. There has been no waiver of any privilege by the Government. As such, the subpoena should appropriately be quashed pursuant to Rule 45(d)(3)(A)(iii).

#### B. The Subpoena Is Unduly Burdensome and Discovery Could Be Obtained by Other, Less Burdensome Means

Rule 45 provides that the court shall quash a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(iii). The subpoena at issue here is noteworthy for how unnecessarily burdensome it is on former Chief Counsel Bornn, and how unnecessary it is in general. Ocwen's complaint alleges that it is pursuing a simple contracts case in which the Government has entered into an agreement to make payments of tax refunds to Ocwen and has breached that agreement by not making payments of all the amounts owed. *See* Case No. 3:24-CV-00005, ECF No. 1. Ocwen itself has proposed that "discovery should be limited to a.) whether and how much the USVI has paid Ocwen for income tax refunds and b.) those affirmative defenses

that the USVI can articulate with factual specificity during the scheduling conference on April 25, 2024." *See* Case No. 3:24-CV-00005, ECF No. 25, at ¶ 2c. There is no need for former Chief Counsel Bornn to appear for a deposition to answer questions about whether or not the Government has entered into an agreement or has made payment.

Ocwen's sole thread connecting former Chief Counsel Bornn to its case is that he was the Governor's legal advisor and allegedly "represented to Ocwen that the Governor's financial team, … was meeting with him regularly to discuss the matter and that they would propose a payment plan soon." See Case No. 3:24-CV-00005, ECF No. 1, at ¶ 43. If it had a mind to do so, Ocwen could easily obtain the information that it seeks by less intrusive means, such as through written interrogatories or stipulations. Instead, Ocwen appears intent on compelling deposition testimony from every current or former Government official that it can identify by name. This "death by deposition" litigating tactic is a naked attempt by a multinational corporate group to inflict needless distress and legal costs upon public servants and a territorial government with limited resources.

Under Rule 26, the court "must limit the frequency or extent of discovery … if it determines that … the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2). Because Ocwen could obtain the information that it seeks through less burdensome means, and because its subpoena is unduly burdensome, it is appropriate for the Court to quash the subpoena pursuant to Rule 45(d)(3)(A)(iv).

**IV.    The Subpoena Should Be Quashed Under the *Morgan* Doctrine**

The subpoena was issued to former Chief Counsel Bornn in order to probe his alleged actions, omissions, mental processes, and/or decisions made in his official capacity as Chief Legal Counsel to Governor Bryan. Former Chief Counsel Bornn should be protected from having to give

deposition testimony under the rule established in *United States v. Morgan*, 313 U.S. 409 (1941) and the subsequent line of cases that prohibit such inquiries and related depositions of high-ranking government officials.

### A. The *Morgan* Doctrine Prevents Depositions of Former High-Ranking Government Officials Absent Extraordinary Circumstances

Since *Morgan*, federal courts have consistently held that, absent "extraordinary circumstances," a government decision-maker will not be compelled to testify about his or her mental processes in reaching a decision. *Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991) (collecting cases). More generally, there is wide agreement among the Circuits that high-ranking government officials should not be subject to the taking of depositions absent extraordinary circumstances. *Sensient Colors, Inc.*, 649 F. Supp. 2d at 316 (collecting cases).

It is likewise widely agreed that the *Morgan* doctrine applies to both current and former government officials. *See, e.g., Sensient Colors, Inc.*, 649 F. Supp 2d at 318 (finding that "*Morgan* applies to former high-ranking government officials"); *United States v. Wal-Mart Stores*, No. 01–152, 2002 WL 562301, at *3 (D.Md. Mar. 29, 2002) (noting that "[i]f the immunity *Morgan* affords is to have any meaning, the protections must continue upon the official's departure from public service"); *FDIC v. Galan-Alvarez*, No. 1:15–MC–00752 (CRC), 2015 WL 5602342, at *4 (D.D.C. Sept. 4, 2015) (holding that the *Morgan* doctrine "is no less applicable to former officials than to current officials"); *In re U.S. Dep't of Educ.*, 25 F.4th 692, 695 (9th Cir. 2022) (directing the district court to quash subpoena for former Secretary of Education's deposition); *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199 (2d Cir. 2013) (affirming application of *Morgan* doctrine in barring deposition of former deputy mayor); *Chin v. New York City Dep't of Corr.*, No. 23-CV-5268, 2024 WL 3517440 (E.D.N.Y. July 24, 2024) (applying *Morgan* and *Lederman* to preclude depositions of former city department of corrections commissioner and

former chief of department).

The Supreme Court in *Morgan* emphasized its doctrine is necessary because it is "not the function of [a] court to probe the mental processes" of agency decision-makers. *Morgan*, 313 U.S. at 422. Since *Morgan*, other courts have discussed additional rationales for the privilege, including a public policy interest in ensuring that high-ranking government officials are permitted to perform their official tasks without disruption or diversion. *Buono v. City of Newark*, 249 F.R.D. 469, 470 n.2 (D.N.J. 2008). With respect to former officials in particular, courts have found that "[s]ubjecting former officials' decision-making processes to judicial scrutiny and the possibility of continued participation in lawsuits years after leaving public office would serve as a significant deterrent to qualified candidates for public service." *Wal-Mart Stores*, 2002 WL 562301, at *3; *Dobson v. Vail*, No. 10-CV-5233 (KLS), 2011 WL 4404146, at *1 (W.D. Wash. Sept. 21, 2011) ("Former high-ranking government administrators, whose past official conduct may potentially implicate them in a significant number of related legal actions, have a legitimate interest in avoiding unnecessary entanglements in civil litigation.") (quoting *Arnold Agency v. W. Va. Lottery Comm'n*, 206 W.Va. 583, 599, 526 S.E.2d 814, 830 (1999)).

### B. Ocwen Has Made No Showing that Extraordinary Circumstances Exist Justifying a Deposition

To depose a high-ranking government official, a party must demonstrate extraordinary circumstances justifying the deposition—for example, that the official has unique first-hand knowledge related to the litigated claims, or that the necessary information cannot be obtained through other, less burdensome or intrusive means. *See Lederman*, 731 F.3d at 203. Mere knowledge or awareness of information that may be helpful is insufficient; rather the official must "have personal involvement in a material aspect of the claim presented before a deposition will be required." *Wal-Mart Stores*, 2002 WL 562301, at *2. Satisfying this heavy burden belongs to the

requesting party. *See In re United States (Reno & Holder)*, 197 F.3d 310, 314 (8th Cir. 1999) (quashing subpoena issued to Attorney General, finding that defendant failed to "show[ ] that there are no other sources for the information he seeks").

Ocwen cannot meet its heavy burden to demonstrate the extraordinary circumstances required to overcome the *Morgan* doctrine. It has made no representations that former Chief Counsel Bornn has any unique knowledge that is essential to its case and that cannot be obtained from other sources. *See* Case No. 3:24-CV-00005, ECF No. 77 (Ocwen's motion to compel, in which no specific representations are made regarding former Chief Counsel Bornn excepting one isolated mention of his name and title). Moreover, it has made no showing that it cannot obtain the information that it seeks though less burdensome means. Because former Chief Counsel Bornn, as the former Chief Legal Counsel to Governor Bryan, is unquestionably a former high-ranking official to whom the *Morgan* doctrine applies, and because no extraordinary circumstances exist justifying a deposition, the subpoena issued to former Chief Counsel Bornn should be quashed.

## CONCLUSION

For the foregoing reasons, David Bornn's Motion to Quash should be granted and Ocwen should be precluded from deposing former Chief Counsel Bornn.

**[Signature on the Following Page]**

Date: September 6, 2024

**RESPECTFULLY SUBMITTED,**

By: *Bryant E Gardner*

Bryant Gardner
D.C. Bar No. 473319
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036
T: 202-282-5893
E: bgardner@winston.com

*Counsel for David Bornn*

15